UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Steven D. Heckman, et al,

                              Plaintiff,

**Hon. Hugh B. Scott**

                           v.                        08CV769S

**Order**

Rayco Manufacturing, Inc.,

                              Defendant.

_____

       The plaintiff, Steven Heckman ("Heckman") has filed a motion seeking to compel discovery from defendant Rayco Manufacturing Inc. ("Rayco") (Docket No. 22).

**Motion to Compel**

       The plaintiff commenced this action alleging that he suffered injuries due to Rayco's negligence in designing and manufacturing a log splitter. (Docket No. 1 at ¶¶ 4-6). On July 30, 2009, the plaintiff served Rayco with a notice to take the deposition of a Rayco representative "who designed" the subject log splitter. (Docket No. 22-2 at ¶ 4). Pursuant to that notice, the plaintiff traveled to Wooster, Ohio and took the deposition of a Rayco President John Bowling. However, when asked questions such as "When did Rayco decide to start manufacturing log splitters?" or "Where did the design for the log splitter come from?" – Bowling responded: "I don't know" or "I'm not 100 percent sure." (Docket No. 22-2 at ¶8). Bowling was unable to provide information relating to design documents produced by the defendant. (Docket No. 22-2 at ¶¶ 9-10). Finally, the deposition transcript reflects that Bowling was not even able to testify as

1

to how the log splitter works, how many log splitters they manufacture each year, whether any manuals or documentation come with the log splitters, and could not identify any individual involved in the process of manufacturing the log splitter. (Docket No. 22-2 at ¶¶8-11).

Because Bowling was unable to answer questions regarding the design of the log splitter, Heckman asks the Court to compel Rayco to produce a representative with knowledge of the design, manufacturing and sales of the log splitter, and to direct that Rayco reimburse the plaintiff for the cost of traveling to Ohio for the deposition, or alternatively, to direct that the individual be produced for deposition in Buffalo, New York. (Docket No. 22-2 at page 1). In addition, the plaintiff seeks modification of the scheduling order to achieve the above and to provide expert disclosure after the deposition is completed.

Rayco asserts that the engineers principally involved in the design of the log splitter no longer work for Rayco. Although the deposition notice demanded production of "an employee or representative who designed" the log splitter (Docket No. 22-3), Rayco asserts that Bowling was produced "in response to a non-specific deposition notice in which plaintiff made no designation whatsoever regarding the subjects to be explored at the deposition." (Docket No. 23 at ¶ 7). Rayco notes that plaintiff did not contact Rayco's counsel to discuss the scope of the deposition prior to the date of the deposition. (Docket No. 23 at ¶7). Rayco represents that it will provide the plaintiff with the last known addresses for the relevant former employees (who apparently still reside in the Wooster, Ohio area), but that Rayco does not have control over them and cannot compel their attendance at a deposition. (Docket No. 23 at ¶ 8). Rayco argues that Heckman has not demonstrated good cause for requiring Rayco to pay for the expenses associated with the deposition in Wooster, Ohio (which defendant alleges is a four hour drive from Buffalo) (Docket No. 23 at ¶ 9). Rayco does not object to the modification of the scheduling order. (Docket No.

2

23 at ¶ 2).

Heckman notes that although the original deposition notice seeking to depose the individual who designed the log splitter was served in July of 2009, and the Bowling deposition was conducted in January of 2010, it was not until Rayco's response to the instant motion that Rayco disclosed that the individual who designed the log splitter was no longer employed by Rayco. Further, Heckman points out that he had served interrogatories which asked for the identification of the person who designed the log splitter, however, Rayco responded that it could not respond to the interrogatory regarding who designed the log splitter without the product's serial number. The plaintiff argues that this interrogatory answer appears to be inaccurate inasmuch as Rayco's response to the instant motion reflects that Rayco does know who designed the log splitter involved in this case. (Docket No. 25 at ¶ 4-7). Moreover, Heckman asserts that inasmuch as Bowling testified that Rayco makes only one model of log splitter (see Bowling deposition transcript Docket No. 25, Exhibit B, page 14), Rayco should have had no difficulty in identifying the individuals who worked on the design of the log splitter. (Docket No. 25 at ¶11). Heckman suggests that if Rayco had properly responded to the interrogatory in the initial instance, the plaintiff would have been able to identify the individuals he wished to depose with respect to the design issues.

In light of Bowling's testimony that Rayco only manufactured one type of log splitter, the defendants did not adequately respond to the plaintiff's interrogatories in this matter. This type of gamesmanship in the discovery process is disfavored. The Court notes that the instant motion is the ***third*** motion to compel filed by the plaintiff's in this case (see Docket Nos. 11, 12[1], 17 and 22). The pattern established by the defendant seems to be to wait for the plaintiff to make a

---

[1] Docket Nos. 11 and 12 appear to be the same motion.

motion to compel and then to agree to provide some or all of the sought after discovery. Inasmuch as the individuals who designed the log splitter are no longer employed by Rayco, the Court cannot compel Rayco to produce those individuals for deposition in Buffalo, New York. However, the plaintiff has demonstrated that it incurred unnecessary costs in traveling to Wooster, Ohio to take the deposition of Bowling, when Rayco knew, or should have known, that Bowling was not an appropriate witness to testify as to the design of the log splitter. The record reflects that Rayco knew who designed the log splitter involved in this action, but withheld that information from Heckman. "[T]he required expenditure of funds to pursue withheld discovery is prejudice enough to justify cost-shifting." Fendi Adele v. Filene's Basement, Inc., 2009 WL 855955 (S.D.N.Y. 2009).

The motion to compel Rayco to identify the individuals responsible for the design of the log splitter is granted. Further, Rayco is directed to pay the reasonable expenses incurred by the plaintiff in traveling to Wooster, Ohio to conduct the depositions of those individuals.

Finally, pursuant to Rule 37(a)(5), within 10 days of the date of this Order Rayco is directed to file papers showing cause why the Court should not order that Rayco pay Heckman the costs incurred with respect to making the instant motion. Heckman may file a reply, if any, within 10 days of the filing of Rayco's response. The matter will be deemed submitted without oral argument unless otherwise determined upon review of the papers.

**Amended Scheduling Order**

In light of the above, the following dates shall apply:

> 1. All discovery in this case shall conclude on **July 30, 2010**. All motions to compel shall be due at least **15 days prior** to that discovery cutoff date.

2. The plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **June 15, 2010**; the defendant shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **July 15, 2010** See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994. All expert discovery shall be completed on or before **July 30, 2010.**

3 . In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **August 31, 2010.**

4. In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(I) shall be filed and served no later than **September 30, 2010**.

5. A final pretrial conference pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(j) will be held on **October 20, 2010 at 9:00 a.m.** with Judge Skretny.

6. Trial is set to commence on **December 7, 2010 at 9:30 a.m.** before Judge Skretny.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
April 23, 2010

5