UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Steven D. Heckman, et al,

                              Plaintiff,

                                   v.

Rayco Manufacturing, Inc.,

                              Defendant.

**Hon. Hugh B. Scott**

08CV769S

**Decision & Order**

_____

The plaintiff, Steven Heckman ("Heckman"), commenced this action alleging that he suffered injuries due to Rayco Manufacturing, Inc.'s ("Rayco") negligence in designing and manufacturing a log splitter. (Docket No. 1 at ¶¶ 4-6). On July 30, 2009, the plaintiff served Rayco with a notice to take the deposition of a Rayco representative "who designed" the subject log splitter. (Docket No. 22-2 at ¶ 4). Pursuant to that notice, Rayco produced Rayco President John Bowling and the plaintiff traveled to Wooster, Ohio to take Bowling's deposition. The record reflects, however, that Bowling was not involved in the design of the product and could not respond to basic questions regarding the design and manufacture of the product. Moreover, as discussed in this Court's April 23, 2010 Order (Docket No. 26), the record has been further developed that Raycon had failed to adequately respond to interrogatories which asked Rayco to identify the persons who designed the log splitter. The Court noted that this was the ***third*** motion

to compel filed by the plaintiff's in this case (see Docket Nos. 11, 12[1], 17 and 22) and directed Raycon to file papers showing cause why the Court should not order that Rayco pay Heckman the costs incurred with respect to making the motion to compel.

In response, Rayco states that it is a small company that has "limited personnel available to locate and produce information requested by plaintiff's lawyers." (Docket No. 27 at ¶2). The remainder of Rayco's response relating to the imposition of attorneys fees is a discussion of the plaintiff's familiarity with the log splitter in question and the merits of the claims in this case. (Docket No. 27 at pages 2- 16).

Rule 37(a)(5)(A) provides that "[i]f the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed– ***the court must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

In the case at hand, Rayco has failed to demonstrate any justification for the failure to respond to adequately respond to the discovery demands in this case. The Court awards costs and attorneys fees incurred by plaintiffs in connection with bringing the motion to compel. The plaintiffs are directed to submit an affidavit with the Court by June 25, 2010, detailing the costs incurred, and itemizing the attorneys fees charged in connection with the motion. The defendant

---

[1] Docket Nos. 11 and 12 appear to be the same motion.

may respond to the fee application in writing by July 9, 2010. A reply, if any, shall be filed by July 16, 2010. The Court will determine the fee request without further argument unless otherwise determined upon review of the papers.

    So Ordered.

                                                                    /s/ Hugh B. Scott
                                                                    United States Magistrate Judge
                                                                    Western District of New York

Buffalo, New York
June 10, 2010